NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RGD HOLDING COMPANY, LLC,<br><br>　　　　　Plaintiff,<br>　v.<br>MICHAEL PERKINS, *et al.*,<br>　　　　　Defendants. | Civil Action No.: 2:21-cv-11602<br><br>**Opinion & Order** |

**CECCHI, District Judge.**

This matter comes before the Court by way of Defendants Michael Perkins ("Perkins") and Tejash Shah's ("Shah," or, together with Perkins, "Defendants") motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 5. Plaintiff RGD Holding Company, LLC ("Plaintiff" or "RGD") opposed the motion (ECF No. 10), and Defendants replied (ECF No. 11).

**WHEREAS** the instant action arises out of litigation related to a real estate dispute currently pending in the Superior Court of Hudson County, New Jersey, Law Division filed on October 26, 2016. *See Dixon Mills Condo. Assoc., Inc. v. RGD Holding Co., LLC et al.*, No. Hudson-L-4277-16 (N.J. Super. Ct. Law Div.) ("Underlying Action"); and

**WHEREAS** the Underlying Action brought by Dixon Mills Condominium Association, Inc. alleges that in 2007 RGD and other named defendants in the Underlying Action converted a rental property in Jersey City, New Jersey into a residential real estate complex comprised of condominiums named the Residences at Dixon Mills ("the complex"). ECF No. 1-1, Exhibit A at ¶¶ 1, 43, 45. Perkins and Shah are not named defendants in the Underlying Action; and

**WHEREAS** the Underlying Action alleges that the building complex was governed by a board of directors, on which RGD sat until May 2013. *Id.* at ¶ 61. The board was responsible for, among other things, maintaining, repairing, renovating, and replacing any defects or deficiencies identified at the complex, as well as managing the complex's finances. *Id.* at ¶¶ 42, 66, 86; and

**WHEREAS** RGD and the other directors allegedly failed to perform their duties. Specifically, the Underlying Action alleges that RGD and other board members failed to address various defects and deficiencies throughout the building complex by neglecting to complete or disclose to unit owners necessary renovations and repairs. *Id.* at ¶¶ 66–67. Moreover, for work the board of directors did undertake, it allegedly used $1,000,000 of the building complex's funds when the work should have been paid for by RGD and others board members directly. *Id.* at ¶¶ 42, 85. The Underlying Action also alleges that RGD and the board of directors failed to sufficiently fund the building complex's capital reserve fund, impacting its ability to meet its financial obligations. *Id.* at ¶¶ 91–101. The Underlying Action brings various claims to recover damages, including common-law and statutory claims for breach of contract, breach of implied warranties, breach of fiduciary duties, material misrepresentation, and fraud. *See generally id.*; and

**WHEREAS** within six years of the filing of the complaint in the Underlying Action, on April 6, 2021, RGD initiated a separate action against Perkins and Shah in the Superior Court of Hudson County, New Jersey, Law Division alleging that Perkins and Shah, as former board members of the building complex, are also liable for the misconduct alleged in the Underlying Action. *See RGD Holding Co., LLC, v. Perkins et al.*, No. Hud-L-1350-21 (N.J. Super. Ct. Law Div.); and

**WHEREAS** RGD alleges that Perkins and Shah were members of the building complex's board of directors with RGD prior to May 2013. ECF No. 1-1 at ¶¶ 14, 23. RGD further alleges

that, as board members, Perkins and Shah approved decisions regarding any deficiencies or defects at the building complex, as well as approved decisions related to the complex's capital reserve fund. *Id.* at ¶¶ 24–25. Given their alleged participation in board decisions, RGD, in its Complaint, brings claims for contribution (Count 1) and indemnification (Count 2) against Perkins and Shah in the event RGD is held liable in the Underlying Action. *Id.* at ¶¶ 26–34; and

**WHEREAS** Perkins and Shah removed this action from the Superior Court of Hudson County, New Jersey, Law Division to this Court on May 20, 2021, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441 *et seq*. ECF No. 1. After filing their Answer to RGD's Complaint (ECF No. 3), Defendants filed a motion for judgement on the pleadings on July 15, 2021 (ECF No. 5). Plaintiff filed an opposition (ECF No. 10), to which Defendants replied (ECF No. 11); and

**WHEREAS** a party may bring a motion for judgement on the pleadings, pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial." Pleadings are considered closed for purposes of a Rule 12(c) motion when the "complaint and answer are filed, along with any reply to additional claims asserted in the answer." *Horizon Healthcare Servs., Inc. v. Allied Nat'l Inc.,* No. 03-4098, 2007 WL 1101435, at *3 (D.N.J. Apr. 10, 2007). To prevail, the moving parties must "clearly establish[] that no material issue of fact remains to be resolved and that [they are] entitled to judgment as a matter of law." *Bayer Chem. Corp. v. Albermarle Corp.*, 171 F. App'x 392, 397 (3d Cir. 2006) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988) (internal citations and quotations omitted)). The Court must consider "the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Hrinuk v. Pub. Serv. Elec. & Gas Co.*, No. 14-cv-988, 2018 WL 621292, at *1–*2 (D.N.J. Jan. 30, 2018) (quoting *Szczurek v. Prof'l Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (internal citations and quotations omitted)); and

**WHEREAS** here Defendants argue that Plaintiff's claims should be dismissed because they are time barred. Specifically, Defendants argue that, pursuant to N.J.S.A. § 2A:14-1, the applicable New Jersey statute of limitations is six years and accrued when Defendants allegedly committed misconduct in their capacity as board members of the building complex, positions they held at some time before 2013. ECF No. 5-1 at 3–5. As Plaintiff waited until 2021 to file this action, Defendants argue that more than six years have elapsed since their allegedly wrongful conduct could have occurred most recently in 2013, and, accordingly, Plaintiff's action is untimely. *Id.*; and

**WHEREAS** while Plaintiff agrees N.J.S.A. § 2A:14-1 provides that the relevant statute of limitations is six years, it argues that its claims for indemnification and contribution did not accrue when Defendants' alleged misconduct occurred, but rather will accrue when judgment is ultimately rendered against Plaintiff in the Underlying Action. ECF No. 10 at 4–6. Because no judgment has been rendered against Plaintiff in the Underlying Action, the statute of limitations has not begun to run, and Plaintiff's action is timely. *Id.*; and

**WHEREAS** under New Jersey law, a claim for indemnification begins to accrue at the time judgment is rendered against the defendant for the underlying claim. *See Holloway v. State*, 593 A.2d 716, 722 (N.J. 1991) (citing *McGlone v. Corbi*, 279 A.2d 812, 817 (N.J. 1971)); *see also United N.Y. Sandy Hook Pilots Ass'n v. Rodermond Indus., Inc.*, 394 F.2d 65, 75 (3d Cir. 1968) ("The general rule . . . is that a claim for indemnity does not accrue until the indemnitee's liability is fixed by a judgment against or payment by the indemnitee."); and

**WHEREAS** similarly, under New Jersey law, a claim for contribution begins to accrue "when the plaintiff recovers a judgment against [defendant]." *Mettinger v. Globe Slicing Mach. Co.* 709 A.32d 779, 787 (1998) (citing *McGlone*, 279 A.2d at 817); *see also Sea-Land Serv., Inc.*

4

*v. United States*, 874 F.2d 169, 171 (3d Cir. 1989) ("[T]he general rule [is] that a cause of action for contribution does not arise until the party seeking contribution has paid, or had a judgment rendered against him or her for, more than his or her fair share of common liability."); and

**WHEREAS** here, no judgment in the Underlying Action has been rendered or recovered against RGD. ECF No. 10-1. Without such a judgment, the statute of limitations for neither Plaintiff's claim for indemnification, nor its claim for contribution has accrued. Accordingly, Plaintiff's claims are not barred by the applicable statute of limitations; and

**WHEREAS** Defendants argue, in the alternative, that, even if Plaintiff's claims are not time barred, they are unripe for adjudication because no judgment has been issued in the Underlying Action. ECF No. 11 at 6. However, that argument is unavailing. New Jersey courts allow indemnification and contribution claims to be brought before a defendant suffers a judgment against it. *See, e.g.*, *Highland Lakes Country Club & Cmty. Ass'n v. Nicastro*, 966 A.2d 1102, 1106–08 (N.J. Super. Ct. App. Div. 2009); *see also Szaloczy v. KONE Elevators & Escalators*, No. 20-cv-3815, 2021 WL 2680185, at *7–*8 (D.N.J. June 29, 2021); and

**WHEREAS** to the extent Defendants argue that Plaintiff's claims should be dismissed because Plaintiff cannot establish that Defendants are liable for any underlying conduct to justify contribution or indemnification (ECF No. 11 at 3–6), the Court need not address that argument at this time as it is raised for the first time in Defendants' reply brief. *See D'Alessandro v. Bugler Tobacco Co. et al.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007) (("A moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief.") (quoting *Int'l Raw Materials, Ltd. v. Stauffer Chem Co.*, 978 F.2d 1318, 1327 n.11 (3d Cir. 1992))); *see also Jurista v. Amerinox Processing, Inc.*, 492 B.R. 779 (D.N.J.

5

2013) ("[I]t is well established that new arguments cannot be raised for the first time in reply briefs.") (footnote and citation omitted).

Accordingly, **IT IS** on this 28th day of February, 2022;

**ORDERED** that Defendants' motion for judgment on the pleadings (ECF No. 5) is **DENIED**.

**SO ORDERED**.

s/ Claire C. Cecchi<br>**CLAIRE C. CECCHI, U.S.D.J.**